Filed 5/13/15  Scoppwer v. Wood CA3

NOT TO BE PUBLISHED

COPY

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| SUSANNE REA SCOPPWER, | |
| Respondent, | C073453 |
| v. | (Super. Ct. No. FL0324282) |
| JASON WOOD, | |
| Appellant. | |

Jason Wood and Susanne Rea Scoppwer were involved in family court proceedings regarding their son.  In September 2012, the trial court ordered Wood to pay Scoppwer attorney's fees.  Wood moved for reconsideration and for modification of the attorney fee order.  The trial court denied the motion.

Wood's appeal is limited to the denial of his motion for modification, which he brought pursuant to Family Code section 7605, subdivision (d).[1]  As is relevant to the limited issue on appeal, he contends the trial court abused its discretion in denying his motion for modification.  Finding no abuse of discretion, we will affirm the trial court's order denying Wood's motion for modification.

---

[1] Undesignated statutory references are to the Family Code.

1

BACKGROUND

We limit the background facts to those relevant to the contention on appeal. At a hearing on August 13, 2012, the trial court verbally ordered Wood to pay Scoppwer attorney's fees of $2,200 in increments of $500 per month until paid. On September 6, 2012, Wood submitted an income and expense declaration to the court. On September 7, Wood filed a motion for reconsideration pursuant to Code of Civil Procedure section 1008. He also moved for modification of the trial court's attorney fee order pursuant to section 7605, subdivision (d). On September 12, 2012, the trial court issued a written order memorializing the attorney fee order it had issued at the August 13, 2012 hearing. On September 24, 2012, the trial court denied Wood's motion for reconsideration and modification.

DISCUSSION

Wood contends the trial court failed to consider the merits of his request for modification pursuant to section 7605 because it declined to accept the evidence of income and expenses he tried to proffer. Wood also argues that modification was necessary for the defense of the proceeding, and that the trial court did not consider the parties' needs or ability to pay. We conclude that all of Wood's arguments lack merit. To the extent the trial court's order was based on section 7605, we review it for abuse of discretion. (*Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, 642.)

The record on appeal does not include a reporter's transcript of the relevant hearings, but it does include, among other things, a settled statement, various declarations submitted by the parties and a mediator's letter to the trial court. In support of his motion to modify, Wood submitted a declaration stating that he did not bring his income and expense declaration to court for the August 13 order to show cause hearing because unspecified technical problems prevented him from printing copies. He said he was prepared to verbally provide the information to the trial court, but he was "not afforded an opportunity to do so." Scoppwer's declaration stated that Wood had purposely and

2

repeatedly defied trial court orders to submit information required for a court-ordered mediation. An August 21 mediator's letter to the trial court stated that the trial court had ordered the parties back to mediation on August 13 but Wood failed to appear at the scheduled time. Wood had been given a mediation packet to fill out but after more than two months he had failed to return it.

Wood subsequently filed an income and expense declaration on September 6; the next day he filed his motion for reconsideration and modification. Scoppwer pointed out that Wood's income declaration revealed an income about one-third higher than she had estimated in her own income declaration.

On this limited record, Wood has not established that the trial court abused its discretion in denying his motion for modification. Wood claims the trial court declined to accept his evidence, but the record shows Wood failed to present his evidence in a timely manner. Wood also argues that modification was necessary for the defense of the proceeding and that the trial court did not consider the parties' needs or ability to pay, but the record indicates otherwise. Wood has not met his burden on appeal.

DISPOSITION

The order denying the motion for modification is affirmed. Scoppwer shall recover her costs on appeal.

                                        _____MAURO_____, J.


We concur:


_____BLEASE_____, Acting P. J.


_____HULL_____, J.


3